### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **ELVIS SMITH, SR.** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **UNITED STATES OF AMERICA FOR THE** | : | |
| **UNITED MARSHAL SERVICE, THOMAS** | : | |
| **K. MARRA, in his official and individual** | : | |
| **Capacity, ESTATE OF BENJAMIN** | : | |
| **WOMBACHER, VI PORT AUTHORITY,** | : | |
| **GOVERNMENT OF THE VIRGIN ISLANDS** | : | **NO. 23-56** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                          **July 18, 2024**

In this personal injury action brought under the Federal Tort Claims Act (FTCA), plaintiff Elvis Smith, Sr., claims that two drunk Deputy United States Marshals yelled racial slurs, choked, and threatened him at gunpoint when he refused to allow them to board the boat he captained in St. John. Smith brings claims against Thomas Marra for intentional infliction of emotional distress;[1] the United States Marshal Service ("USMS") for negligent hiring and retention of the deputies; the Virgin Islands Police Department for failure to provide security; and the Virgin Islands Port Authority for failure to provide security officers and working security cameras at the dock where he was attacked.

This is a disturbing case. The conduct of the Deputy United States Marshals was deplorable and despicable. Smith was wronged. But, Smith's claims are time barred. Thus, as reluctant as we may be, we must grant judgment in favor of the defendants.

---

[1] Smith names the Estate of Benjamin Wombacher in the caption as a defendant, but he does not state any cause of action against it.

**Procedural History**

Smith filed his lawsuit in the Superior Court of the Virgin Islands, Division of St. Croix, on December 16, 2022. The United States removed the action to the District Court of the Virgin Islands.[2] The United States, the Government of the Virgin Islands, and the Virgin Islands Port Authority have moved to dismiss Smith's complaint as time barred. They argue that Smith did not comply with the statutory time limitations for presenting claims and filing suit. Because the parties presented matters outside the pleadings, we converted the motions to dismiss to motions for summary judgment and permitted the parties to supplement the record.

The United States and the Government of the Virgin Islands submitted supplemental memoranda and statements of undisputed facts. Smith responded to the United States' motion for summary judgment and its statement of facts. He also filed his own statement of undisputed facts. He did not respond to the Government of the Virgin Islands' motion.

**Facts**

On August 12, 2019, defendants Thomas Marra and Benjamin Wombacher,[3] then United States Marshal Deputies, attempted to board a ferry.[4] Because they were

---

[2] Notice of Removal, ECF No. 1.

[3] Wombacher is deceased. Smith names his estate as a defendant.

[4] Def. United States' Stmt of Fact ¶¶ 1-3, ECF No. 25 ["US DSF"].

intoxicated and shouting racial slurs, Smith refused to allow them to board.[5] One of the men threatened him and pointed a gun at his chest.[6] Smith feared for his life.[7]

The United States Department of Justice investigated the incident and prosecuted administrative discipline charges against Marra. On June 10, 2021, Smith testified at Marra's disciplinary hearing before an administrative law judge of the Merit Systems Protection Board ("MSPB").[8] Prior to the hearing, he was interviewed by Special Agent Juan Morales of the United States Department of Justice, Office of Inspector General.[9] Smith was subpoenaed.[10] He was represented by attorney Ronald Russell.

According to Russell, Sean Lee, Associate General Counsel for the USMS, entered into an agreement that Smith would testify only if "the statute of limitations and administrative deadlines would not begin to run until after his favorable testimony before an administrative judge."[11] Smith avers that Lee agreed that "based on [his] cooperation, the US would not object to [his] filing a lawsuit outside the limitations period which was approaching."[12] The United States Marshal Service denies there was an agreement to toll the Federal Tort Claims Act filing requirements.[13]

---

[5] Virgin Islands Police Dep't Report at 6 (attached as Ex. 2 to Pl.'s Notice of Filing Exhibits for Pl.'s Am. Resp. to Def.'s Stmt of Fact ['Pl.'s Exs."]), ECF No. 33-2 ["VIPD Report"].

[6] Varlack Ventures, Inc. Incident Report at 5 (attached as Ex. 4 to Pl.'s Exs.), ECF No. 33-4 ["Ferryboat Report"].

[7] *Id.* at 1.

[8] US DSF ¶¶ 1-3, Pl.'s Resp. to US DSF, ECF No. 31 ["PRUSDSF"].

[9] Pl. Stmt of Fact ¶ 6, ECF No. 32; Digitally Sworn Stmt of Elvis Smith, OIG, Dec. 10, 2019 (attached as Ex. 5 to Pl.'s Exs.), ECF No. 33-5.

[10] US DSF ¶ 9, PRUSDSF.

[11] Aff. of Ronald E. Russell in Supp. of Pl.'s Opp'n to Def. USA's Mot. for Summ. J. ¶ 11 (attached to Pl.'s Opp'n to Def. USA's Mot. for Summ. J., ECF No. 30-1 ["Pl.'s Resp. to U.S. Mot. for Summ. J.']), ECF No. 30-1 ["Russell Aff., May 24, 2024"].

[12] Aff. of Elvis Smith ¶¶ 11-12, ECF No. 30-2 ["Smith Aff."].

[13] US DSF ¶ 15.

**Standard of Law**

A statute of limitations is an affirmative defense that must be pled in a responsive pleading. Fed. R. Civ. P. 8(c)(1); *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). Nevertheless, a statute of limitations defense may be raised in a motion under Rule 12(b)(6) and 12(b)(1) where the expiration of the limitations period appears on the face of the complaint. *Wisniewski*, 857 F.3d at 157; *Simms v. Freeman*, 428 F. App'x. 119, 120 (3d Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

**Analysis**

*The United States*

The FTCA establishes the process for presenting an injury claim against a government agency based on the conduct of its employees. *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) (citing 28 U.S.C. § 2675). The claimant must file his claim with the agency within two years of the accrual of the claim. *Id.* (citing 28 U.S.C. § 2401(b)). He then has six months after the agency denies the claim to file suit. *Id.* The agency's failure to respond within six months after the claim is filed is deemed a denial. 28 U.S.C. § 2675.

The FTCA is "a limited waiver of the sovereign immunity of the United States." *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006).

The relevant statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate

4

> Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

The FTCA prescribes time limits for filing an administrative claim and a lawsuit. It provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The Third Circuit has interpreted this statute to require that "a claimant file both a claim with the federal agency within two years of the tort and a suit within six months of the agency's denial." *Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018).

It is clear on the face of the complaint that Smith filed his complaint after the statute of limitations had expired. The cause of action accrued on August 12, 2019. Smith filed his administrative claim on September 11, 2021, one month after the two-year statute of limitations had run.[14] His administrative tort claim was denied on February 8, 2022.[15] He filed his complaint on December 16, 2022—more than six months after the denial of his claim.[16]

---

[14] Notice of Claim (attached as Ex. 8 to Pl.'s Exs.), ECF No. 33-9.

[15] Admin. Tort Claim Denial (attached as Ex. 14 to Pl.'s Exs.), ECF No. 33-15.

[16] Smith filed the Complaint on December 16, 2022, in the Superior Court of the Virgin Islands, Division of St. Croix. Verified Compl., Dec. 16, 2022 (attached as Ex. 3 to Notice of Removal), ECF No. 1-3. Smith attaches a September 11, 2021, Complaint to his response to the motion for summary judgment. Verified Compl., Sept 11, 2021 (attached as Ex. 1 to Pl.'s Exs.) ECF No. 33-1. This is not the complaint he filed. It was attached to his Notice of Intent to file sent to the Drug Enforcement Agency.

Smith's attorney denies receiving the administrative claim denial. However, the United States has produced a certified mail receipt demonstrating that the denial letter was received and signed by K.G. Cameron at The Russell Law Firm, LLP, on February 14, 2022.[17] Even if the agency had failed to issue a timely denial, the date of denial would be March 11, 2022, six months from when Smith submitted his claim on September 11, 2021. Assuming the later denial date of March 11, 2022, Smith had until September 11, 2022, to file his lawsuit. He filed on December 16, 2022.

To excuse late filing, Smith contends that he is entitled to equitable tolling. He relies on what he claims was a tolling agreement with the government.

The statute of limitations is not jurisdictional and is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015). Equitable tolling will excuse a late filing where: (1) the defendant actively misled the plaintiff, placing him at a disadvantage; (2) the plaintiff has been prevented from asserting his rights in some extraordinary way; or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum. *D.J.S.-W. by Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)); *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005).

Equitable tolling is an "extraordinary remedy" that is sparingly granted. *Hedges,* 404 F.3d at 751 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). It applies only where the plaintiff has exercised due diligence to preserve his claim. *Id.* (citing *Irwin*,

---

[17] Certified Mail Receipt (attached as Ex. 1 to Def. United States Reply to Pl.'s Am. Resp. to Def. USA's Stmt. of Undisputed Facts, ECF No. 36) ECF No. 36-1.

6

498 U.S. at 96). The burden is on the party asserting the exception to show that he or she is entitled to tolling. *Irwin*, 498 U.S. at 96.

Smith argues that he was misled by Sean Lee, the attorney representing the United States in the disciplinary proceedings involving Marra.[18] He claims Lee promised him that he could wait to file his FTCA claim until after he provided favorable testimony in Marra's disciplinary hearing.[19] The United States contends that Smith has not demonstrated that the government made affirmative misrepresentations with the deliberate intent to induce or trick him into failing to protect his federal rights.[20]

In an affidavit, Smith's counsel submits that Lee "entered into an oral agreement with me and Captain Elvis Smith that he would testify only if the dates regarding the statute of limitations and administrative deadlines would not begin to run until after his favorable testimony before the administrative judge."[21] He claims that the "agreement" was "memorialized" in a letter.[22]

Contrary to Smith's contention, the letter does not confirm there was an agreement to toll the statute of limitations. The letter, dated September 11, 2021, is Smith's attorney's cover letter that accompanied Smith's Form 95 claim.[23] In it, he acknowledges the untimeliness of the claim, stating: "The delay in filing this claim is based on captain Elvis

---

[18] Pl.'s Resp. to U.S. Mot. for Summ. J. at 6.

[19] Russell Aff., May 24, 2024 ¶ 11.

[20] Def. United States of America's Suppl. Mem. of L. in Supp. of Mot. For Summ. J. at 7, ECF No. 24 ["U.S. Mot. for Summ. J. Br."].

[21] Russell Aff., May 24, 2024 ¶ 11.

[22] *Id.* ¶ 14; *see also* Letter (attached as Ex. 8 to Pl.'s Exs.) ECF No. 33-9 ["Russell Letter"].

[23] A Form 95 is the standard form used to present claims against the United States under the FTCA for personal injury and other torts caused by a federal employee's negligence or wrongful act or omission occurring within the scope of the employee's federal employment.

A. Smith's agreement [to] testify on June 10, 2021 and the assurance that there would be no administrative or legal impediments to Elvis A. Smith Sr. pursuing a claim against the agency."[24] The letter does refer to a time limit for filing. It mentions only that Smith's testifying would not impede his right to pursue a claim. It does not reflect an agreement to toll the FTCA time limits.

Smith produced email communications between his attorney and Lee. None mention any agreement to waive the statute of limitations. Instead, they discuss the arrangements to prepare for his testimony. On May 28, 2021, an employee from Varlack Ventures, Inc., the ferryboat company, emailed Russell the contact information for Sean Lee at the US Department of Justice.[25] That same day, Russell emailed Lee informing him that he represented Smith and wished to discuss his testimony. Lee responded to schedule a time for Russell, Smith, and Lee to talk on the phone.[26]

On June 4, 2021, Lee sent Russell a videoconference link for the MSPB hearing. He wrote:

> Good afternoon Ronald – As we discussed, please see the attached login information for the hearing on Thursday 6/10. It will begin at 9:00 am Eastern, and be held over WebEx videoconference. We can discuss the additional details. I'm also attaching the statements in our possession relating to Captain Smith. Please let me know if you have any questions. I will wait to hear on your availability after 3pm Eastern on Monday. Respectfully, Sean.[27]

Lee sent another email that afternoon attaching the subpoena for Smith. Russell responded, "Thank you for the information." As is apparent, the email exchange does not

---

[24] Russell Letter.

[25] Email: DOJ Att. Sean Lee Contact Information, ECF No. 33-6.

[26] Email: Testimony of Elvis Smith, May 28, 2021 – June 5, 2021, ECF No. 33-7.

[27] Email: Hearing Info. & Capt. Smith Stmts, ECF No. 33-11.

support Smith's contention that he agreed to provide favorable testimony in exchange for the United States waiving the statute of limitations.

Smith also argues that he is excused for failing to file a lawsuit within six months of the denial of his claim because he never received the denial letter. He avers in an affidavit that "we never received the Denial Letter dated February 8, 2022."[28] Russell also declares, "I never received the Denial Letter dated February 8, 2022."[29] The United States has produced a certified mail tracking receipt showing that an employee of Russell's Law Firm signed for receipt of the letter on February 14, 2022.[30] So, even if Smith and Russell did not see the denial letter, it is undisputed that it was received in Smith's attorney's office.

The signed receipt of notice by a representative of an attorney's office is notice to the client. *See Irwin*, 498 U.S. at 93 (citations omitted) (recognizing that the "lower federal courts have consistently held that notice to an attorney's office which is acknowledged by a representative of that office qualifies as notice to the client."). Equitable tolling is not established by a "garden variety claim of excusable neglect," such as Smith's attorney's inadvertence in checking the mail. *See Id.* at 96.

According to his attorney, Smith sought his legal advice about whether he should testify at Marra's disciplinary hearing "because he intended to file a suit against the Marshal service."[31] It appears that Smith retained counsel in May 2021, after he was

---

[28] Smith Aff. ¶ 14.

[29] Russell Aff., May 24, 2024 ¶ 16; Pl.'s Am. Resp. to Def. USA's Stmt of Undisputed Facts ¶ 15, ECF No. 35.

[30] Certified Mail Receipts (attached as Ex A t0 Def. United States Reply to Pl.'s Am. Resp. to Def. USA's Stmt of Undisputed Facts ["US Reply"]).

[31] Russell Aff., May 24, 2024 ¶ 10.

contacted by Lee to provide testimony before the administrative law judge. In a May 28, 2021, email, Russell informed Lee that he represented Smith and requested a phone call to discuss Smith's potential testimony.

The email communications only discuss the Merit Systems Protection Board hearing. There is no reference to any claim against the USMS. When he did file the claim, he sent it to the Drug Enforcement Agency, not the USMS.

Smith alleges that after the Virgin Islands Port Authority sent a report of the incident to the United States Marshal's Office, the Department of Justice Office of the Inspector General interviewed him on December 10, 2019. Participating in this interview as part of disciplinary proceedings against the agents had nothing to do with Smith making a claim. It reflects only that he was a witness in a separate proceeding. It does not suggest that he sought to pursue his injury claims.

Because Smith's claim against the USMS is untimely and he is not entitled to equitable tolling, we shall grant summary judgment in favor of the United States.[32]

*Government of the Virgin Islands*

In its motion to dismiss, the Government of the Virgin Islands moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[33] It argues that Smith's cause of action is barred under the Virgin Islands Tort Claims Act for failure to timely notify it of his negligence claim within 90 days of the date of his injury.[34]

---

[32] The United States also argues that because the deputy marshals were off duty and not in the scope of their employment with the Marshals Service when they assaulted Smith, the United States is immune from suit based on their conduct. Because we conclude Smith's action is time-barred by the Federal Tort Claims Act (FTCA), we do not address this argument.

[33] Gov. of the Virgin Islands' Mot. to Dismiss at 1, ECF No. 6 ["Gov. of the VI Mot. to Dismiss"].

[34] *Id.*

In its supplemental memorandum for summary judgment, it also argues that the Virgin Islands Police Department (VIPD) was not responsible for security on the dock where Smith was assaulted, which is exclusively controlled by the Virgin Islands Port Authority.[35] So, it concludes, Smith cannot prove that the VIPD was negligent in the provision of security it did not have a duty to provide. Because we find that Smith's claims are barred by the statute of limitations, we do not address the merits of Smith's claims against the VIPD.

A plaintiff bringing a tort claim against the Government of the Virgin Islands must comply with the notice requirements of the Virgin Islands Tort Claims Act ("VITCA"). 33 V.I.C. § 3408 *et seq.* "Timely compliance with VITCA's notice requirement is a jurisdictional prerequisite to bringing suit on a plaintiff's tort claims." *Speaks v. Gov't of the Virgin Islands*, Civ. A. No. 2006–168, 2009 WL 167330, at *6 (D.V.I. Jan. 14, 2009) (citing *Delgado v. Gov't of the Virgin Islands*, 137 F. Supp. 2d 611, 615 (D.V.I. App. Div. 2001)); *see also Larson v. United States,* No. CV 2022-0052, 2023 WL 5836058, at *5 (D.V.I. Sept. 8, 2023) ("[T]he the pre-filing requirements under the VITCA are jurisdictional.") (citing *Richardson v. Knud Handsen Mem'l Hosp.*, 744 F.2d 1007 (3d Cir. 1984)).

The VITCA provides:

> No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:
>
> .... a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, *shall be filed within ninety days after the*

---

[35] Gov. of the VI's Suppl. Mem. at 2, ECF No. 26.

11

> *accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor,* in which event the claim shall be filed within two years after the accrual of such claim.

33 V.I.C. § 3409 (emphasis added).

To comply with the jurisdictional requirements of the VITCA, the notice must "state the time when and the place where such claim arose, the nature of same," and "shall be verified." *Brunn v. Dowdye*, 59 V.I. 899, 908–09 (V.I. 2013) (quoting 33 V.I.C. § 3410). The statute only requires that the notice include a statement "with sufficient definiteness" to enable the government officials to investigate and determine whether the claim should be resolved without suit. *Id.* at 910 (citation omitted). Smith's notice does not satisfy "even this minimal standard." *See id.* The "notice" he attaches, two certified mail receipts,[36] does not refer to any claim for negligence, nor does it state when and where his claim arose, or the nature of his claim against the government.

Even if his notice of intent to file a claim had contained the required contents, it was untimely. The receipts, each dated September 15, 2021, were sent after the 90-day notice period and the two-year statute of limitations deadline.

Smith's negligence claims are barred by the two-year statute of limitations. He did not file within two years after the accrual of his tort claims. The incident giving rise to his claims occurred on August 12, 2019. He filed his complaint on December 16, 2022. Not only did Smith fail to provide notice of intention to file, he filed his suit after the statute of limitations had expired. *See*, 5 V.I.C. § 31(5)(A); *Oliver v. Terminix Int'l Co.*, 73 V.I. 210,

---

[36] Certified Mail Receipts (attached as Ex. 1 to Pl.'s Opp'n to Gov. of the VI's Mot. to Dismiss), ECF Nos. 10-1, 10-2.

215 (V.I. Super. Ct. 2020). Thus, we shall enter judgment in favor of the Government of the Virgin Islands and against Smith.

*Virgin Islands Port Authority*

Smith's negligence claim against the Virgin Islands Port Authority is also barred by the two-year statute of limitations. 5 V.I.C. § 31(5)(A) (enacting a limitations period of two years for personal injury claims). Smith filed his lawsuit against the Port Authority on December 16, 2022, two years and four months after the injury.[37] Therefore, because Smith's claims against the Virgin Islands Port Authority are barred by the statute of limitations, the Port Authority is entitled to judgment in its favor.

*Thomas Marra and the Estate of Benjamin Wombacher*

Smith names as defendants the two United States Marshal deputies who attacked him at the port. He sues Thomas Marra in his official and individual capacity for intentional infliction of emotional distress.[38] He names the Estate of Benjamin Wombacher in the caption as a defendant but does not state any cause of action against it.[39]

An intentional infliction of emotional distress claim has a two-year statute of limitations in the Virgin Islands. *Id.*; *McKenzie v. Hess Oil V.I. Corp.*, 70 V.I. 210, 220 (V.I. Super. Ct. 2019) (explaining that claim of intentional infliction of emotional distress is subject to a two-year statute of limitations). Smith was injured on August 12, 2019. He

---

[37] The two-year statute of limitations tolls in limited circumstances not applicable here. The discovery rule tolls the statute of limitations when the injured party is unaware of his injury or its cause, despite exercising due diligence. *Oliver v. Terminix Int'l Co., LLP*, 73 V.I. 210, 215 ¶ 7 (V.I. Super. Ct. 2020) (quoting *Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 273 (V.I. 2012)). Smith was aware of his injury that took place at the Port Authority dock. The limitations period is not subject to tolling under the discovery rule exception. The statute of limitations is also tolled for "persons under disability" which is defined as someone under the age of 21, or who is insane or imprisoned when the right of action accrued. 5 V.I.C. § 36. Smith is not a person under disability. None of these exceptions apply.

[38] Compl. ¶¶ 45-48.

[39] *See generally, id.*

13

filed this action against Marra and Wombacher's estate on December 16, 2022. Thus, his claims against them are time-barred.

Smith has had a full and fair opportunity to contest the issue of untimely filing. After giving notice and a reasonable time to respond, the court may *sua sponte* grant summary judgment to non-moving defendants where it "identif[ies] for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f); *Lee v. Sixth Mount Zion Baptist Church of Pittsburgh*, 903 F.3d 113, 118 (3d Cir. 2018) (citation omitted). "After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). Smith was on notice that the statute of limitations was an issue. *See In re SemCrude L.P.*, 864 F.3d 280, 296 (3d Cir. 2017) (quoting *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 280 (3d Cir. 2010)) ("District courts 'possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence.'").

The arguments and facts presented in the briefings on the motions to dismiss, supplemental motions for summary judgment, and his responses, gave Smith ample opportunity to produce evidence that he timely filed or was excused from doing so. His arguments that the statute of limitations should be tolled are unavailing. Applying our statute of limitations analysis to the claims against Marra and the Wombacher estate, we conclude that they are entitled to judgment as a matter of law.

Even if summary judgment for Marra and Wombacher's estate were unwarranted, we lack personal jurisdiction over them because Smith has not effectuated service. Rule

14

4(m) governs serving summons in federal court. Under Rule 4(m), if the plaintiff fails to serve the defendant within 90 days of removal to federal court, a district court must dismiss the case without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). Smith has not effectuated service on Marra or the Wombacher estate. Additional time to serve would be futile because the claims against them are time-barred. Therefore, we shall grant summary judgment to Marra and the Estate of Benjamin Wombacher.

## Conclusion

Smith's claims against the defendants are time-barred. Therefore, we shall grant summary judgment to the defendants.